Per Curiam.
The learned counsel for the plaintiff is mistaken in the assumption that there is any evidence in the case which is in trutli opposed to the view which was taken of the facts by this court. The plaintiff herself in her testimony said, “along the northerly side of the road there are trees all along the bank find the trees are quite close together, that is, between the road and the pond itself; sometimes a little clump of trees growing and ■sometimes single trees growing in addition to the trees, there are .and were at that time considerable bushes all along the road between the road and the pond. This accident was a little while .after the storm called the blizzard of 1888. There had been a very severe snow storm just before the accident and the roads all over the country had been drifted more or less, in many places .so that shovelers were required to open the roads to permit teams to pass.”
She further said that at the place of the accident there were .■some large and small trees and bush. There were trees on either side and they had long branches extending from each which may ¡have extended across the opening at that time and may have lapped each other, but there was an opening through which she •could see. She could not recollect whether there was any place along that pond at the time of the accident where a horse and sleigh could have been driven into the pond, unless at right angles . to the road. The other witnesses said they knew of none. The •accident in truth happened by the horse backing down in just that way.
The distance between the trees at this place was variously estimated at from eight to twelve feet, the latter being the greatest ■distance testified to by any one. Another of plaintiff’s witnesses said this space was about twelve feet and there were several other places wide enough for a horse and cutter to reach the pond if *910 they went in backwards ; there was nothing but trees and bush between the brink of the highway and the water to prevent a-, vehicle from going into the water. The evidence in substance-entirely bears out the statement of the court as to the condition of the road, the existence of the trees, the shrubs and the distance-between the trees at the point in question.
We think that from the uncontradicted evidence there was no negligence proved in the case and the motion for a re-argument, should be denied, with ten dollars costs.
All concur.